United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30948
Summary Calendar

_____

LESLIE V. ROGERS,

Plaintiff - Appellant,

v.

MICHAEL K. CLAY; CLAYS RV LLC, doing business as Clays RV
Center; CLAYS RV CENTER INC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana,
Monroe Division
USDC No. 01-CV-1508

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant, Leslie V. Rogers, brought this claim of gender
discrimination against her former employer, Clay's RV Center,
Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e et seq.  Following a jury trial, the district court
entered judgment in favor of Clay's RV Center, Inc.  On appeal,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Rogers asserts that the district court erred by refusing to grant her post-verdict motion for judgment as a matter of law. Finding no plain error as to the claims raised by Rogers, we AFFIRM the judgment of the trial court.

**Factual & Procedural History**

Leslie Rogers was employed as a salesperson by Clay's RV Center, Inc. ("Clay's RV"), a small recreational vehicle dealership, from October 1997 through May 1998. Other persons employed by Clay's RV while Rogers worked there were: Michael Clay, 11% owner and manager of Clay's RV's West Monroe office; two to three salespersons, all of whom were male aside from Rogers; and Karen Coates, an administrative assistant.

At trial, Rogers claimed the work environment at Clay's RV was hostile toward women. She stated that she was prohibited from using company vehicles as the men did, and that she was not issued a company sports jacket, as were the male salespersons. Rogers testified that the male salespersons were rude to the females on staff, but related well to one another. She also accused Mr. Clay of occasional physical forcefulness, and of commenting that women were not permitted entry into the storage room because it was a men's club.

Rogers testified that Mark Dent, a salesperson, frequently remarked that women should not be working at Clay's RV — that it was a man's business where women did not belong. Rogers related

2

an incident in which Dent allegedly berated Karen Coates and told her to limit her work to her "little secretarial duties." Coates testified that she reported the incident to Mr. Clay, who said he would speak to Dent. Coates was fired shortly thereafter, purportedly for economic reasons.

According to Rogers, another male salesperson, Bill Delrio, regularly acted in a harassing manner toward women. Rogers testified that Delrio often made sexual comments. She also stated that on April 1, 1999, Delrio came into her office and accused her of stealing one of his customers. Delrio allegedly called Rogers a "backstabber," a "cheater," and a "bitch," and shouted at her for some time. Rogers testified that, as a result, she became afraid to be alone in the building with Delrio.

Mr. Clay was out of town at the time of the April 1 incident with Delrio, but returned to the Louisiana office in mid-April. Rogers reported Delrio's behavior to Mr. Clay on his second day back in the office. Rogers testified that Mr. Clay cut short her discussion of Delrio's alleged outburst, told her to get over it, and to get back to her work. Rogers allegedly approached Mr. Clay a second time about Delrio; Clay allegedly responded that Rogers had "yet to see a temper." Rogers claimed that shortly after she reported the incident, she stopped receiving phone messages from her customers, family, or friends.

Rogers alleged that on May 6, 1999, she was dismissed from

Clay's RV. Rogers testified that Mr. Clay entered her office, informed her that he was interviewing candidates for her sales position, and instructed her to leave. She stated that when she attempted to retrieve her personal belongings and sales records from her desk, Mr. Clay forcibly knocked her away from her desk, grabbed her wrists, and pushed her out the front door. She claimed that Mr. Clay laughed as he locked the door behind her. Rogers complained to the local sheriff's department about Mr. Clay's behavior, but never followed up on that complaint. Rogers filed the instant action on August 13, 2001.

In response to Rogers's claims, Clay's RV denied that Rogers had been subjected to a hostile work environment. It also denied that Rogers was fired. Rather, Mr. Clay accused Rogers of abandoning her job, and testified that he had planned to replace Rogers with a new salesperson due to poor work performance on Rogers's part. Clay's RV further denied that any perceived termination was based on gender discrimination.

After a trial on the merits, the jury found that: (1) Rogers had been subjected to a hostile work environment because of her gender; (2) Clay's RV knew of or should have been aware of the hostile environment but failed to take prompt remedial measures; and (3) Rogers had failed to take advantage of reasonable opportunities to minimize or eliminate the objectionable conduct or hostile environment. Judgment was entered in favor of Clay's RV on June 9, 2003.

4

On September 3, 2003, Rogers moved for judgment as a matter of law under FED. R. CIV. PRO. 50, or in the alternative, for a new trial under FED. R. CIV. P. 59, arguing that Clay's RV presented no evidence to support the jury's finding that she had been provided opportunities to minimize discriminatory conduct, but had failed to take advantage of those opportunities. The district court denied her motion. Rogers timely appealed.

**Standard of Review**

On appeal, Rogers contends that the district court erred in denying her post-verdict motion for judgment as a matter of law.[1] Generally, we review the denial of a motion for judgment as a matter of law *de novo. Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 285 (5th Cir. 1999). However, Rogers failed to move for judgment prior to the close of all evidence and before the case went to the jury, as required by FED. R. CIV. P. 50. A movant who fails to request judgment as a matter of law under Rule 50(a) at the close of all of the evidence, before the matter goes to the jury, "waives its right to file a renewed post-verdict Rule 50(b) motion, and also waives its right to challenge the sufficiency of the evidence on appeal." *See United*

---

[1]We do not consider the denial of Rogers's motion for new trial because she did not raise that issue in her opening brief. Claims of error not raised in an appellant's opening brief are waived for purposes of appeal and cannot be preserved by belatedly addressing them in a reply brief. *Taita Chem. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).

5

*States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998) (citing *Bay Colony, Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1003 (5th Cir. 1997); *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996); *Allied Bank-West, N.A. v. Stein*, 996 F.2d 111, 114-15 (5th Cir. 1993)). Accordingly, we treat Rogers's request for judgment as a matter of law as raised for the first time on appeal, and review only for plain error. *See Adames v. Perez*, 331 F.3d 508, 511 (5th Cir. 2003). Under the plain error standard, we must uphold the jury's verdict if *any* evidence was presented to support the verdict. *See id.* If we determine that no evidence was offered at trial to support the jury's findings, we will remand the case for a new trial only if the judgment resulted in a manifest miscarriage of justice. *Id.; see also Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1315 (5th Cir. 1995).

Whether Rogers made a *prima facie* case of sex discrimination is not at issue on appeal. Hence, we limit our analysis to the issue raised by Rogers — whether any evidence was submitted to support the challenged finding of the jury. *Cf. Patterson v. P.H.P. Healthcare Corp.,* 90 F.3d 927, 933 (5th Cir. 1996) (after a case has been fully tried on the merits, the appellate court's "inquiry becomes whether the record contains sufficient evidence").

**Discussion**

Rogers argues that her motion for judgment as a matter of law should have been granted because the evidence adduced at trial was insufficient to support the jury's verdict. The jury found the following, by a preponderance of the evidence:

1.  Rogers was subjected to a hostile work environment because of her gender;

2.  Clay's RV knew or should have known of the gender hostile work environment and failed to take prompt remedial action;

3.  Rogers failed to take advantage of reasonable opportunities to minimize or eliminate the objectionable conduct or hostile work environment.

Based on these findings, the district court entered judgment in favor of Clay's RV.[2] Rogers challenges only the jury's third factual finding as being unsupported by the evidence. However, the record indicates that evidence was presented at trial that could support the jury's finding that Rogers did not take advantage of reasonable opportunities to abate the discriminatory conduct at Clay's RV.

As manager and part owner of Clay's RV, Mr. Clay was the appropriate person with whom employees should have discussed their grievances. Trial testimony revealed that while Mr. Clay was out of the office, he stayed in touch with his employees by phone. Further, Clay's RV employee Karen Coates testified that

_____

[2]Rogers explicitly states in her appellate brief that she "has never and does not now" challenge the district court's jury instructions or verdict form; nor does she claim that the district court erred in applying the law in the instant case. Thus, we refrain from addressing those issues on appeal.

7

while working at Clay's RV, she felt that Mr. Clay would have been receptive to her had she approached him with problems about the workplace.

Notwithstanding Mr. Clay's apparent availability to hear employee concerns, Rogers testified that she never reported the regular remarks made by Delrio and Dent about women to Mr. Clay. Rogers did not tell Mr. Clay that she felt mistreated or discriminated against. In addition, Rogers's testimony reveals that she did not inform Mr. Clay about Delrio's alleged outburst until approximately two weeks after the incident occurred, despite her purported fear of being present in the office with Delrio.[3] Although Mr. Clay was in the Ohio office during the weeks surrounding the incident between Rogers and Delrio, Clay's RV presented evidence that Mr. Clay was accessible to his employees by phone while he was away. Further, Rogers testified that she spoke with Mr. Clay over the phone shortly after the altercation with Delrio, but elected not to mention the incident until Mr. Clay's returned to the Louisiana office.

In sum, the jury possessed at least some evidence that could sustain a finding that Rogers had opportunities to minimize the hostile conduct at Clay's RV, but that she failed to take advantage of those opportunities. Rogers briefly argues that the jury's finding that Clay's RV failed to take prompt remedial

---

[3]Rogers testified that the incident with Delrio occurred on April 1, 1999. Mr. Clay returned to the office in mid-April.

8

measures amounted to a determination that there were no reasonable opportunities made available to Rogers to avoid further discrimination.  However, this argument is unavailing based on the foregoing discussion.

**Conclusion**

Having found some trial evidence that could support the jury's finding that Rogers failed to take advantage of available opportunities to avoid or reduce the occurrence of discrimination at Clay's RV, we are obligated to uphold the verdict. Accordingly and on these narrow grounds, we conclude that the district court did not plainly err in denying Rogers's motion for judgment as a matter of law; therefore, we AFFIRM judgment in favor of Clay's RV.

AFFIRMED.